

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2006

# Klatch v. Sugarloaf

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Klatch v. Sugarloaf" (2006). *2006 Decisions.* Paper 1545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1081

CHARMAINE KLATCH,
Appellant

v.

SUGARLOAF TOWNSHIP;
SUGARLOAF TOWNSHIP BOARD OF SUPERVISORS;
ROBERT STANZIOLA; EARL MILLER;
EDWARD W. DRUM; DONALD BRIOR

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-01836)
District Judge:  Hon. Malachy E. Mannion

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2006

BEFORE: RENDELL and STAPLETON, <u>Circuit Judges</u>,
and GILES,* <u>District Judge</u>

(Opinion Filed:  February 23, 2006)

*Hon. James T. Giles, Chief Judge, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Plaintiff-appellant Charmaine Klatch ("Klatch") appeals from the District Court's entry of judgment in favor of the defendants, Sugarloaf Township and certain Township officials, following a jury trial and defense verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Between 1996 and 1999, Klatch was engaged in a protracted dispute with Suglarloaf Township and Township officials relating to Klatch's septic tank and Klatch's efforts to bring the tank into compliance with state and local laws. In September 2001, Klatch filed a complaint in federal court alleging federal claims pursuant to 42 U.S.C. § 1983 for violations of her First Amendment rights and her right to equal protection of the laws. She also alleged state law claims for negligence and intentional infliction of emotional distress. She named as defendants Sugarloaf Township, the Sugarloaf Township Board of Supervisors, three members of the Board of Supervisors in both their official and individual capacities, and the Sewage Enforcement Officer for Sugarloaf Township in both his official and individual capacity. By consent of the parties, the matter was referred to a Magistrate Judge.

Roughly two years after the filing of the complaint, the Magistrate granted partial

summary judgment to the defendants. The Magistrate granted summary judgment as to: 1) all of Klatch's state law claims against the Township and the individual defendants in their official capacities; and 2) Klatch's negligence claim against the officials in their individual capacities. Klatch does not challenge these rulings on appeal.

Following the partial summary judgment order, several claims seemingly remained: first, Klatch's claim for intentional infliction of emotional distress against the officials in their individual capacity; second, Klatch's claim under § 1983 for violations of the First Amendment; and, third, Klatch's equal protection claim. Inexplicably, however, from this point forward, all parties to the litigation treated only the intentional infliction of emotional distress claim as remaining.

Accordingly, when the defendants filed a pretrial memorandum in March 2004, they stated:

> The Federal and Negligent pendant state claims were dismissed pursuant to the [summary judgment order]. There remains the pendant state claim premised upon alleged Intentional Infliction of Emotional Distress and a claim for punitive damages.

S.A. at 2. Klatch did not file a pretrial memorandum of her own at this time.

Three months later, in June 2004, Klatch's counsel filed a motion to withdraw as counsel. In that motion, Klatch's counsel stated that "[t]he one remaining count that survived the Defendant's Motion for Summary Judgment was the Plaintiff's claim for intentional infliction of emotional distress." S.A. at 16. In response to the Court's order to show cause why the attorney's motion should not be granted, Klatch consented to the

withdrawal, but did not challenge her counsel's characterization of the remaining claims.

In December 2004, Klatch, now represented by new counsel, filed a pre-trial memorandum. In that memorandum, Klatch only referred to the claim for intentional infliction of emotional distress and made no reference to her federal claims.

On the eve of trial, Klatch filed a motion for voluntary withdrawal of the case under 28 U.S.C. § 1367. The motion asserted that due to the Magistrate's prior ruling precluding Klatch from introducing expert testimony at trial,[1] and in light of the Pennsylvania rule that plaintiffs claiming emotional distress must substantiate their claims with expert medical confirmation, going forward with trial in federal court was "virtually pointless" because even if Klatch were successful at trial, the verdict would be overturned on post trial motions. S.A. at 44. Klatch requested that the court "dismiss the state law claim without prejudice" so that she could bring a new case in state court. *Id.*

The Magistrate denied the motion. The Court noted it had authority to dismiss the case under § 1367(c)(3) because federal jurisdiction was premised on the fact that the case was originally brought as a federal civil rights action, but only the state law claim for intentional infliction of emotional distress remained in the case. The Court, however, declined to grant the motion because the case had been in litigation for years and much of that delay stemmed from the plaintiff's inability to meet reasonable deadlines. The Court noted that the defendants had incurred substantial expense in preparing for trial and

---

[1]Klatch had failed to file a timely expert report.

concluded that dismissal without prejudice would prejudice the defendants and be "blatantly unfair at this stage of the game." *Id.* at 60.

The parties proceeded to trial under the assumption that only a claim for intentional infliction of emotional distress remained. It appears that over the course of trial, Klatch never once alluded to the possibility of proving any claim aside from intentional infliction of emotional distress. The Magistrate at times limited testimony to that which was relevant to such a claim. Klatch also does not appear to have requested a jury instruction regarding her federal claims, nor does she appear to have objected to the jury instructions given by the Court. The jury found in favor of the defendants and the Court entered judgment for the defendants.

Klatch's main argument on appeal is that the Magistrate erred "in repeatedly and stridently ruling that its Order granting partial summary judgment . . . also disposed of Plaintiff's claims under 42 U.S.C. § 1983." Br. Appellant at 5. Klatch never raised this argument in any form below. "It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991). Moreover, Klatch affirmatively waived her right to pursue her federal claims by repeatedly characterizing, including in her pretrial submissions, her sole remaining claim as one for intentional infliction of emotional distress. It was not error for the Magistrate to interpret those characterizations as a waiver of Klatch's federal claims. Nor was it error for the Magistrate to limit the evidence presented at trial accordingly. *See Sample v. Diecks*, 885

5

F.2d 1099, 1106-07 (3d Cir. 1989) ("It is well established that a trial judge possesses the discretion to prohibit parties from raising matters they have failed to advance during the pretrial proceedings. This is true regardless of whether a pretrial order under Rule 16 is entered by the judge.") (citations omitted).

As for Klatch's remaining arguments on appeal, we are unpersuaded. It was not an abuse of discretion for the Court to refuse to allow Klatch to present a witness who would testify to a prior inconsistent statement of a non-party witness, when that statement bore little relevance to the question of the defendants' liability. Nor was it an abuse of discretion to deny Klatch's motions for voluntary withdrawal and to amend the complaint in light of the prejudice that would have inured to the defendants had the motions been granted. Similarly, it was not an abuse of discretion to preclude Klatch from presenting expert testimony when Klatch had failed to file a timely expert report.

The judgment of the District Court will be affirmed.